## No. 10,060.

## DAVIS *v*. MCKINNON.

### Decided June 6; 1921.

Motion to set aside a default judgment. Motion over-ruled.

### *Affirmed.*

### *On Application for Supersedeas.*

1. JUDGEMENT—*Motion to Set Aside.* A defendant who moves to set aside a default judgment after the close of the term must bring himself within the terms of section 75 Mills' Code.

2.        *Motion to Set Aside Judgment—Discretion.* Whether a judgment shall be set aside, is within the discretion of the court, and the only question to be determined on review is whether that discretion was abused.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. HILLYER & KINKAID, for plaintiff in error.

Messrs. TODD & UNDERWOOD, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error brought suit against plaintiff in error to recover from him one-half of the amount which she had paid to satisfy a judgment rendered against them on a promissory note, executed by them jointly.

The complaint in the action was filed, and summons issued and served November 26, 1919. On January 24, 1920, a judgment on default was entered against defendant for want of appearance.

On April 20, 1920, in the term following that in which

the judgment was entered, defendant filed a motion to set aside the judgment and default, supported by an affidavit of counsel, with an answer attached. The court overruled the motion on the ground, as stated, that the answer did not state a defense.

The defendant brings the cause here on error, alleging that the court erred in not setting aside the judgment.

Defendant's motion to vacate the judgment having been made after the close of the term, it was necessary for him to bring himself within the provisions of section 75 of Mills' Code.

Whether or not a judgment shall be set aside is within the discretion of the court, and the only question which we are called upon to determine is whether or not that discretion was abused.

On examination of the affidavit and answer we are of the opinion that the court was fully justified in overruling the motion, neither affidavit nor answer being sufficient to entitle the defendant to the relief sought.

Supersedeas is denied and judgment affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.